ELECTRONICALLY FILED
2022 Apr 08 PM 7:29
CLERK OF THE SHAWNEE COUNTY DISTRICT COURT
CASE NUMBER: 2022-CV-000241

**IN THE THIRD JUDICIAL DISTRICT OF KANSAS,**
**FOR SHAWNEE COUNTY, KANSAS**

| | |
|---|---|
| **STONEGATE PARK HOMEOWNERS ASSOCIATION, INC. a/k/a STONEGATE PARK TOWNHOUSE OWNERS,** <br><br> **Plaintiff,** <br><br> v. <br><br> **STATE FARM FIRE AND CASUALTY COMPANY,** <br> Serve: <br> c/o Kansas Insurance Department <br> 1300 SW Arrowhead Road <br> Topeka, Kansas 66604 <br><br> **Defendant.** | **CASE NO.:** <br><br><br><br><br><br> **JURY TRIAL DEDMANDED** |

**PLAINTIFF'S PETITION FOR DAMAGES PURSUANT TO CHAPTER 60**

Plaintiff, **STONEGATE PARK HOMEOWNERS ASSOCIATION, INC a/k/a STONEGATE PARK TOWNHOUSE OWNERS,** by and through undersigned counsel, for its Petition for Damages against Defendant, **STATE FARM FIRE AND CASUALTY COMPANY,** states and alleges as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff Stonegate Park Homeowners Association, Inc. is a Kansas non-profit Homeowners Association located in Shawnee County, Kansas and for townhome properties located in Shawnee County, Kansas on SW Stonegate Court in Topeka, Kansas.

2. Defendant State Farm Fire and Casualty Company ("State Farm"), at all times material hereto, was and is a Kansas insurance company doing and/or transacting business in Shawnee County, Kansas.

EXHIBIT 1

3. As a registered insurance company in the state of Kansas, Defendant State Farm can be served with process by delivering the Summons and Complaint to the Kansas Insurance Department, together with additional copies and related fees, at 1300 SW Arrowhead Road, Topeka, KS 66604.

4. At all times material hereto, Defendant State Farm was and is authorized by the Kansas Department of Insurance to issue residential community association insurance policies in Shawnee County, Kansas.

5. This Court has jurisdiction over this action pursuant to K.S.A. § 20-301 because this Court has original jurisdiction over all civil and criminal matters unless otherwise approved by law.

6. This Court may exercise personal jurisdiction over Defendant because it is a Kansas insurance company doing and/or transacting business in Shawnee County, Kansas and is authorized by the Kansas Department of Insurance to issue insurance policies in the State of Kansas.

7. Venue is proper under K.S.A. § 60-603 because the events giving rise to this action occurred in this judicial district.

## GENERAL ALLEGATIONS

8. This is an action for a declaratory judgment, under § 60-257, to determine insurance coverage under an insurance policy for losses with a value in excess of the jurisdictional limits of this court, exclusive of costs and attorney's fees as well as for breach of contract and breach of common law duty of good faith and fair dealing.

9. At all times material hereto, Plaintiff is a Kansas non-profit Homeowners Association in Shawnee County, Kansas.

10. At all times material hereto, Defendant was and is a Kansas insurance company doing and/or transacting business in Shawnee County, Kansas.

11. At all times material hereto, Defendant State Farm was and is authorized by the Kansas Department of Insurance to issue residential community association insurance policies in Shawnee County, Kansas.

12. At all times material hereto, in consideration of a premium paid by Plaintiff, there was in full force and effect a certain residential community association insurance issued by Defendant bearing Policy number 91-39-0651-2 (hereafter called the "Policy" or "subject policy"). Attached is a copy of the Policy in Plaintiff's possession.

13. Under the terms of the Policy, Defendant insured Plaintiff against certain losses to Plaintiff's property located 5511-5513 SW Stonegate CT/5560 SW Stonegate CT, Topeka, KS 66606 that includes, but is not limited to the following buildings/addresses:

5570-5572 SW Stonegate CT, Topeka, KS 66606.

5530-5532 SW Stonegate CT, Topeka, KS 66606.

5540-5542 SW Stonegate CT, Topeka, KS 66606

5520-5522 SW Stonegate CT, Topeka, KS 66606.

5550-5552 SW Stonegate CT, Topeka, KS 66606

5510-5512 SW Stonegate CT, Topeka, KS 66606

5500-5502 SW Stonegate CT, Topeka, KS 66606

5501-5503 SW Stonegate CT, Topeka, KS 66606

5511-5513 SW Stonegate CT, Topeka, KS 66606

5521-5523 SW Stonegate CT, Topeka, KS 66606

5531-5533 SW Stonegate CT, Topeka, KS 66606

5541-5543 SW Stonegate CT, Topeka, KS 66606

      5561-5563 SW Stonegate CT, Topeka, KS 66606

      5570-5572 SW Stonegate CT, Topeka, KS 66606

      741-743 SW Stonegate CT, Topeka, KS 66606

As well as auxiliary structures (collectively known as "Stonegate Building(s)").

## COUNT I: DECLARATORY RELIEF

The Plaintiff readopts and re-alleges all paragraphs above as if fully set forth herein, and further states:

14. On or about April 11, 2020, while the Policy was in full force and effect, the property sustained a covered loss, to wit: a high wind, hail and rain event causing loss of or damage to Stonegate Building(s) (hereafter the "loss").

15. Defendant investigated the loss and assigned claim number 16-09C5-47C.

16. Upon information and belief, Defendant undertook an obligation to adjust all losses with Plaintiff. Specifically, the Policy states:

> "We will adjust all losses with you."

17. Upon information and belief, the insurance for the building and other structures portions of the policy, which are to incorporate and include Kansas law and statutes, are based on all-risk coverage, which provides coverage for all occurrences unless they are specifically excluded under the Policy. The provisions as they pertain to the insured building and separate structures are described under the section entitled SECTION I – COVERED CAUSES OF LOSS which indicates, in particular part, as follows:

> "We insure for accidental direct physical loss to Covered Property unless the loss is: . . ."

18. One of the purposes of the insurance Policy was to indemnify Plaintiff for any accidental direct physical loss to Covered Property from any one of number of covered causes of loss, including a high wind, hail and rain event.

19. One of the purposes of the insurance Policy was to pay Plaintiff for any accidental direct physical loss to Covered Property from any one of number of covered causes of loss, including the cost to repair and replace any part of the building consistent with matching (replacing items that reasonably match in quality, color, or size to conform to a uniform appearance) and/or custom/industry construction standards.

20. One of the purposes of the insurance policy was to pay Plaintiff for any loss of use incurred if during a loss or thereafter, the Plaintiff's owners needed to stay elsewhere.

21. Upon information and belief, the Policy does not contain an exclusion/limitation for damage to the insured dwelling caused by a windstorm or hail.

22. Despite Plaintiff notifying Defendant of the loss, providing all requested information, providing access to the property, Defendant has failed, to date, to acknowledge coverage for Plaintiff's loss; rather, Defendant denied coverage contending that the damages sustained were the result of "wear, tear and deterioration" and/or fell below the deductible. See Exhibit "B" as the denial letter.

23. Plaintiff believes the loss is a covered event and that Defendant has an affirmative obligation to adjust and cover the entirety of its loss consistent with the Policy, as hail damage constitutes "accidental direct physical loss to Covered Property" which is not limited/excluded by "wear, tear and deterioration."

24. The interpretation of the Policy, as interpreted by the Defendant in regard to the issues herein, are wrong and/or create at least an ambiguity in regard to Policy interpretation and, as such, the Plaintiff is entitled to an interpretation in its favor and in favor of coverage.

Accordingly, Defendant's actions and inactions have made Plaintiff unsure of its rights, obligations and duties regarding the subject Policy and it wishes to be in full compliance with said Policy and Kansas law.

25. The actions taken by the Defendant, based on the Defendant's unilateral interpretation of the express and implied terms of the subject insurance contract, conflict with Plaintiff's interpretation of the express and implied terms of the subject insurance contract.

26. Consequently, Plaintiff seeks a declaration of its rights, obligations, and status, in accordance with the Policy and Kansas law so as understand its rights and obligations under the contract which has, due to Defendant's incorrect interpretation of the Policy, created the need for a declaration by the Court on the following issues:

    a. Whether the subject policy provides coverage for the damage caused by wind and/or hail as same constitutes a "direct physical loss";

    b. Whether the subject policy provides coverage for the damage caused by wind and/or hail as same cannot be excluded as "wear, tear and deterioration";

    c. Whether the Defendant's failure to perform a proper investigation and adjustment of Plaintiff's loss is a breach of the subject policy;

    d. Whether the Defendant has improperly interpreted any part of the subject policy to support its current position(s);

    e. Whether the Defendant's improper interpretation of the Policy constitutes a breach of the subject policy;

    f. Whether any or all of Plaintiff's loss and damages at issue in this case are covered under the terms of subject policy;

    g. Whether the Defendant is precluded from relying on contradictory and/or inconsistent bases to deny coverage for Plaintiff's loss;

    h. Whether the Mend the Hold doctrine, any other legal principle or statute prevents the Defendant, as a matter of

      law, from raising any defenses not raised prior to litigation; and,

    i. Whether the Defendant has a non-delegable duty to investigate and adjust the loss filed by the Plaintiff.

20. Pursuant to the Declaratory Judgment Statutes § 60-257 and as a direct and proximate result of the foregoing conflicting positions of the parties, the Court has the jurisdiction and power to construe relations that are affected by the construction of a Policy and issue a declaratory decree; especially wherein Defendant denies coverage, excludes areas/items of damage, and the parties believe in conflicting interpretations of the Policy and Kansas law; thereby, resulting in actual bona-fide controversy between the parties that requires judicial interpretation.

21. Accordingly, the Plaintiff has filed this request for declaratory relief seeking the Court's construction of the contract/Policy, as well as Kansas law.

22. Due to the Defendant's conduct, the Plaintiff has been obligated to retain undersigned counsel to bring this action and, pursuant to Kansas Statutes §§ 40-908, 40-256, 40-1517, and/or others, Plaintiff/undersigned counsel are entitled to an attorney's fee in this matter to be paid by the Defendant and costs.

23  All conditions precedent to the filing of this action have been complied with, met, or otherwise waived and/or Defendant's repudiation of coverage for this covered loss, by operation of law, relieves Plaintiff from any further compliance with any and all conditions precedent.

    **WHEREFORE**, the Plaintiff, **STONEGATE PARK HOMEOWNERS ASSOCIATION, INC a/k/a STONEGATE PARK TOWNHOUSE OWNERS**, prays this Honorable Court take jurisdiction of this matter and declare the parties' rights and duties under the Policy and Kansas law, including but not limited to: i) a decree in Plaintiff's favor on the

above issues; ii) an award of reasonable attorney's fees and costs; iii) a reservation of jurisdiction to enter such further orders as may be required to enforce the Court's declaration of the parties' rights and to determine any disputes that may arise in adjusting or paying the loss upon a determination of coverage; and iv) for such other and further relief as this Court deems just, proper and equitable.

## COUNT II: BREACH OF CONTRACT

The Plaintiff readopts and re-alleges all paragraphs above as if fully set forth herein, and further states:

24. Plaintiff has a contract of insurance with the Defendant specifically designed to provide insurance coverage to Plaintiff in the event Plaintiff suffered, *inter alia*, a loss of or damage as a result of a high wind, hail and rain event and loss of use.

25. On or about April 11, 2020, while the Policy was in full force and effect, the property sustained a covered loss, to wit: a high wind, hail, and rain event causing loss of or damage to the Stonegate Building(s) (hereafter the "loss").

26. The Defendant has a contractual and statutory duty to properly investigate, adjust, settle, and pay Plaintiff for a covered insurance claim.

27. Despite the clear obligation to investigate, adjust, settle, and pay the Plaintiff for its loss, the Defendant has partially denied coverage and refused to pay the Plaintiff for all damage covered under the Policy; therefore, the Defendant is in breach of the Policy.

28. The Defendant's actions and inactions have breached its contractual obligations to Plaintiff, in multiple ways, including, but not limited to, the Defendant's failure to: properly investigate and adjust Plaintiff's covered loss and damage; properly acknowledge coverage for all of Plaintiff's covered loss and damages; and properly and fully pay the amount due to the Plaintiff, in accordance with the express terms of the subject policy and Kansas law.

29. As a direct and proximate result of the Defendant's multiple and continuing breaches of its insurance contract and/or failure to comply with its contractual obligations, Plaintiff has been, and continue to be, damaged monetarily in regard to the covered loss and damage to the insured premises.

30. Furthermore, the Defendant's multiple breaches of the insurance contract, including the wrongful denial of the claim and failure to fully indemnify Plaintiff for the loss and claim, has further exacerbated Plaintiff's damages and caused further consequential damages to Plaintiff, based on Plaintiff's inability to timely and properly repair the insured premises.

31. Due to the Defendant's conduct, Plaintiff has been obligated to retain the undersigned counsel to bring this action, and, pursuant to Kansas Statutes §§ 40-908, 40-256, 40-1517, and/or others, the Plaintiff/undersigned counsel are entitled to an attorney's fee in this matter to be paid by the insurance company.

32. All conditions precedent to the filing of this action have been complied with, met or otherwise waived and/or Defendant's repudiation of coverage for this covered loss, by operation of law, relieves Plaintiff from any further compliance with any and all conditions precedent.

**WHEREFORE,** Plaintiff, **STONEGATE PARK HOMEOWNERS ASSOCIATION, INC a/k/a STONEGATE PARK TOWNHOUSE OWNERS,** demands an entry of judgment in its favor and against the Defendant, for all of its damages as pled herein and under the Policy, including all consequential damages, attorney's fees, prejudgment interest, costs, and such other and further relief as the Court deems appropriate.

### COUNT III: BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

The Plaintiff readopts and re-alleges all paragraphs above as if fully set forth herein, and further states:

33. At all times material, the Defendant, acting by and through its agents, servants, and/or employees, owed Plaintiff the duty to deal fairly with it in reference to its claims for damages and to practice good faith during the investigative, evaluation and adjustment phases of the Plaintiff's claims.

34. At all times material, the Defendant owed the Plaintiff the duty to refrain from conduct in violation of K.S.A § 40-2404 and K.A.R § 40-1-34 while investigating, evaluating, and adjusting the Plaintiff's claim.

35. The Defendant breached the duty of care owed to the Plaintiff and the requirements of the alleged statutes by not attempting in good faith to settle the Plaintiff's claim by its failure to resolve the loss when, under all the circumstances, it could and should have done so considering that the Plaintiff's loss was an accidental direct physical loss and that the Plaintiff sustained damages directly caused by Defendant's failure to act.

36. Further, Defendant misrepresented and failed to disclose to Plaintiff all pertinent facts or policy provisions relating to the coverage at issue; failed to promptly and fully respond to communications from Plaintiff; failed to provide reasonable assistance to Plaintiff with its claim to allow it to obtain prompt payment of benefits; failed to adopt reasonable standards for the payment of claims arising under the subject policy; refused to pay the claim without conducting a reasonable investigation based on all available information; not attempting in good faith to effectuate prompt, fair, and equitable settlement of the claim in which liability has become reasonably clear; failing to complete the investigation in a thorough and timely manner; and, failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial and/or underpayment of the claim.

37. As of the date of the filing of this Complaint, Defendant has neither corrected the circumstances giving rise to these violations nor has it tendered a good faith offer of settlement.

38. As a result of the actions or omissions of the Defendant, the Plaintiff has been required to secure the services of the undersigned attorney in order to present this legal action.

39. As a result of the Defendant's violations of the applicable statutes and/or its failure to act in good faith and with honesty toward the Plaintiff and with due regard for its interests, the Plaintiff has sustained damages, including but not limited to, loss of monies, loss of use of said monies, emotional damage, mental anguish, disruption of personal and family life, additional costs, and time and expense required to pursue this litigation.

WHEREFORE, the Plaintiff, **STONEGATE PARK HOMEOWNERS ASSOCIATION, INC a/k/a STONEGATE PARK TOWNHOUSE OWNERS**, demands an entry of judgment in its favor and against the Defendant, for all of its damages as pled herein and under the Policy, including all consequential damages, attorney's fees, prejudgment interest, costs, and such other and further relief as the Court deems appropriate.

### DEMAND FOR JURY TRIAL ON ALL ISSUES, PURSUANT TO K.S.A §§ 60-238, 60-239

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of right.

Respectfully submitted by,

**FIELDS LAW FIRM, LLC**

*/s/ Benjamin C. Fields*
Benjamin C. Fields              KS # 22209
1600 Genessee St., Suite 860
Kansas City, MO 64102
(816) 659-9970 – Telephone
(816) 659-9969 – Facsimile
ben@fieldslawkc.com

and

**THE FARBER LAW FIRM**

David S. Farber, *pro hac vice pending*
2199 Ponce de Leon Blvd. Suite, 301
Coral Gables, FL 33134
Telephone: (305) 774-0134
Facsimile:   (305) 774-0135
Email: dfarber@dfarberlaw.com
pleadings@dfarberlaw.com